JUNE MONROE
State Bar No. 284763
R. JASON READ
State Bar No. 117561
RYNN & JANOWSKY, LLP
2603 Main Street, Suite 1250
Irvine, CA 92614
T: (949) 752-2911; F: (949) 752-0953
E-Mail: june@rjlaw.com; jason@rjlaw.com

Attorneys for Western Veg-Appellee
WESTERN VEG PRODUCE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN VALLEY FARMS, LLC,<br><br>Petitioner-Appellant,<br><br>v.<br><br>WESTERN VEG PRODUCE, INC.,<br><br>Respondent-Appellee. | **CASE NO. 20-cv-01665-AWI-JLT**<br><br>**RESPONDENT WESTERN VEG PRODUCE, INC.'S ANSWER TO APPEAL PETITION FOR REVIEW OF DECISION BY U.S. SECRETARY** |

For and as its Answer to the Petition of SUN VALLEY FARMS, LLC ("Appellant") seeking a review de novo of the Reparation Order of the United States Department of Agriculture, before the Secretary of Agriculture in the matter of *Sun Valley Farms, LLC v. Western Veg-Produce, Inc.,* PACA Docket W-R-2018-149, Respondent WESTERN VEG PRODUCE, INC. ("Western Veg"), states as follows:

  1. Each and every allegation or statement set forth in the Petition is hereby denied unless specifically admitted or qualified herein.

  2. Western Veg denies that the Secretary ignored substantial evidence that the parties were on an FOB Texas basis.

3. Western Veg denies that Western Veg purchased the subject avocados upon delivery at the then going market rate.

4. Western Veg denies that the proceeding was before the Secretary of Labor under the Perishable Agriculture Commodities Act; the proceedings was before the Secretary of Agriculture under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.*

5. Western Veg admits that no hearing took place and the decision was made on submitted papers by the parties.

6. Western Veg admits that it has offices in Bakersfield, California.

## FIRST AFFIRMATIVE DEFENSE

[Failure to State a Cause of Action]

As a first affirmative defense, Western Veg asserts that the Petition is wholly insufficient and otherwise fails to state facts sufficient to constitute a cause of action and therefore should be denied in its entirety.

## SECOND AFFIRMATIVE DEFENSE

[Failure to Exhaust Administrative Remedies]

As a second affirmative defense, Western Veg asserts, based upon information and belief, that the Petition is wholly insufficient and is premature in that Appellant failed to exhaust its administrative remedies available to it before the U.S.D.A. by following the procedure outlined in 7 C.F.R. §47.24, which governs rehearing, reargument, and reconsideration of orders, and reopening of hearings. Specifically, Section 47.24(a) states that:

> A petition for rehearing or reargument of the proceeding, or for reconsideration of the order, shall be made by petition to the Secretary filed with the Hearing Clerk within 20 days after the date of service of the order. Every such petition shall state specifically the matters claimed to have been erroneously decided and the alleged errors….The filing of a petition to rehear or reargue a proceeding, or to reconsider an order, shall automatically operate to set aside the order pending final action on the petition.

## THIRD AFFIRMATIVE DEFENSE

### [Appellant's Breach of Contract]

As a third affirmative defense, Western Veg asserts that the agreement alleged by Appellant to have been breached by Western Veg was specifically conditioned upon full performance by Appellant. Specifically, Appellant agreed to provide products of the kind, quality and condition called for in its agreement with Western Veg. Appellant failed to provide Western Veg with products of the kind, quality and condition called for in the contract between the parties, and instead tendered nonconforming products to Western Veg. Appellant therefore has no claim against this answering Western Veg.

## FOURTH AFFIRMATIVE DEFENSE

### [Excuse]

As a fourth affirmative defense, Western Veg asserts that if and to the extent Western Veg failed to perform any act which may have been required to be performed by it for the benefit of Appellant, said performance by Western Veg of each such act was excused by Appellant's breach of the agreement.

## FIFTH AFFIRMATIVE DEFENSE

### [Appellant's Failure to Perform]

As a fifth affirmative defense, Western Veg asserts that Appellant's Petition and underlying claims against Western Veg are barred because Appellant failed to perform each and every condition, duty or obligation required of it under the contracts alleged to have been breached by Western Veg.

## SIXTH AFFIRMATIVE DEFENSE

### [Acts of Third Parties]

As a sixth affirmative defense, Western Veg alleges that any damages alleged to have been incurred by Appellant, if any there be, are as a result of actions by third parties, not controlled by Western Veg and not by the actions of Western Veg.

## SEVENTH AFFIRMATIVE DEFENSE
### [Accord and Satisfaction]

As a seventh affirmative defense, Western Veg asserts that after breaching the alleged sales contracts, Appellant agreed to allow Western Veg to handle the account to attempt to salvage some return, and Appellant agreed to accept the amounts returned to it by Western Veg; therefore, Appellant has waived the right to now contend that it is entitled to any additional payment.

## EIGHTH AFFIRMATIVE DEFENSE
### [Statute of Limitations]

As an eighth affirmative defense, Western Veg asserts that Appellant's claim is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE
### [Laches]

As a ninth affirmative defense, Western Veg asserts that the claims set forth in are barred by the equitable doctrine of Laches in that Appellant unduly delayed notifying Western Veg of its claims.

## TENTH AFFIRMATIVE DEFENSE
### [Appellant's Negligence]

As a tenth affirmative defense, Western Veg alleges that all damages suffered by Appellant, if any there be, were the direct and approximate result of Appellant's own negligence.

## ELEVENTH AFFIRMATIVE DEFENSE
### [Failure to Mitigate Damages]

As an eleventh affirmative defense, Western Veg asserts that by exercise of reasonable effort, Appellant could have minimized its loss and mitigated the amount of alleged damages which it alleges it suffered, which damages are specifically denied. However, Appellant

failed or refused to exercise reasonable efforts and due diligence to mitigate its claimed losses, and is therefore barred from any recovery from Western Veg.

## TWELFTH AFFIRMATIVE DEFENSE

[Equitable Estoppel]

As a twelfth affirmative defense, Western Veg asserts that Appellant is equitably estopped from enforcement of its claims for damages against Western Veg herein because Appellant engaged in conduct which, among other things, led Western Veg to reasonably believe, and Western Veg did reasonably believe that Appellant would assent, would continue to assent, and had assented to the returns obtained for the substandard produce.

## THIRTEENTH AFFIRMATIVE DEFENSE

[Breach of Warranty]

As a thirteenth affirmative defense, Western Veg asserts that it expressly conditioned any agreement upon Appellant's warranty that the produce would be of the condition and quality called for under the contract. Appellant breached its warranty in this regard, and as a result, Appellant is barred from any recovery against Western Veg in the instant action.

## FOURTEENTH AFFIRMATIVE DEFENSE

[Unclean Hands]

As a fourteenth affirmative defense, Western Veg asserts that Appellant's claims against Western Veg is barred from any recovery against Western Veg under the doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

[Excuse of Performance]

As a fifteenth affirmative defense, Western Veg asserts that if and to the extent Western Veg failed to perform any act which may have been required to be performed by it for the benefit of Appellant, said performance by Western Veg was excused by Appellant's breach of contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Misrepresentation]

As a sixteenth affirmative defense, Western Veg asserts that Appellant is barred from recovery on each and every cause or claim because of Appellant's misrepresentations which induced Western Veg into entering into the agreement which is the subject of this dispute. Western Veg asserts that it relied, to its detriment, upon Appellant's representations that the avocados were marketable and that it would be agreeable to whatever price Western Veg was able to fetch for the loads of avocados. Had Western Veg suspected for one moment that Appellant might refuse to honor its agreement to accept the net returns or losses incurred on the substandard loads, Western Veg would simply have refused to have anything to do with the loads. In accepting and agreeing to unload Appellant's shipments, Western Veg relied upon the numerous representations made by Appellant that based on Western Veg's course of dealing with Appellant's principals and the prior two years of meetings and negotiations, that Appellant agreed to have Western Veg market the avocados on a consignment basis. In addition to the inferior grade, during this time the market was flooded with avocados. Further, finding buyers for US#2 was extremely challenging. Moreover, when potential buyers learned that the avocados were "Don Avocados," they refused to purchase. Western Veg learned that the growers for Don Avocados were infamous for not pre-cooling their avocados leading to condition and quality defects. In other words, Appellant misrepresented the marketability of US#2 Don Avocados.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Breach of Warranty of Fitness for a Particular Purpose]

As a seventeenth affirmative defense, Western Veg asserts that Appellant breached its implied and expressed warranties of fitness for a particular purpose when it shipped perishable agricultural commodities of inferior quality.

## EIGHTEENTH AFFIRMATIVE DEFENSE

[Breach of Implied and Express Warranties of Merchantability]

As an eighteenth affirmative defense, Western Veg asserts that Appellant breached its implied and express warranties of merchantability to Western Veg by failing to provide produce of a merchantable quality.

## NINETEENTH AFFIRMATIVE DEFENSE

[Waiver]

As a nineteenth affirmative defense, Western Veg asserts that Appellant has waived or partially waived, any and all claims it may have had against Western Veg.

## TWENTIETH AFFIRMATIVE DEFENSE

[Set Off]

As a twentieth affirmative defense, Western Veg asserts any amounts due to Appellant, if any there be, are more than set off by the costs incurred by Western Veg in handling the unmarketable fruit received by Appellant, the losses suffered by Western Veg for Appellant's breach, and by incurring attorneys' fees in defending an action which is utterly devoid of merit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

[Losses Attributable to Appellant]

As a twenty-first affirmative defense, Western Veg asserts any damages suffered by Appellant, if any there be, were attributable solely to the acts and omissions of Appellant, in insisting upon shipping avocados which were not suitable for shipment and fresh market distribution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

[Fraudulent Inducement]

As a twenty-second affirmative defense, Western Veg asserts that it relied, to its detriment, upon Appellant's representations that the avocados were marketable and that it would be agreeable to whatever price Western Veg was able to fetch for the loads of

avocados. Had Western Veg suspected for one moment that Appellant might refuse to honor its agreement to accept the net returns or losses incurred on the substandard loads, Western Veg would simply have refused to have anything to do with the loads. In accepting and agreeing to unload Appellant's shipments, Western Veg relied upon the numerous representations made by Appellant that based on Western Veg's course of dealing with Appellant's principals, and the prior two years of meetings and negotiations, that Appellant agreed to have Western Veg market the avocados on a consignment basis. In addition to the inferior grade, during this time the market was flooded with avocados. Further, finding buyers for US#2 was extremely challenging. Moreover, when potential buyers learned that the avocados were "Don Avocados," they refused to purchase. Western Veg learned that the growers for Don Avocados were infamous for not pre-cooling their avocados leading to condition and quality defects. In other words, Appellant misrepresented the marketability of US#2 Don Avocados.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

[Impossibility of Performance Due to Poor Crop Quality and Poor Market Conditions]

As a twenty-third affirmative defense, Western Veg asserts the condition and quality of the product, as well as the condition of the market, were factors beyond the reasonable control of Western Veg. Finding buyers for US#2 was extremely challenging. Moreover, when potential buyers learned that the avocados were "Don Avocados," they refused to purchase. Western Veg learned that the growers for Don Avocados were infamous for not pre-cooling their avocados leading to condition and quality defects. In other words, there was no market for US#2 Don Avocados.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth affirmative defense, Western Veg expressly reserves and does not waive its right to assert any and such other affirmative defenses as may be available at trial.

WHEREFORE, Western Veg prays and respectfully requests as follows:

1. That the Petition be denied in its entirety;

2. That the Reparation Order be affirmed in its entirety;

3. That any and all claims raised in the Petition be dismissed in their entirety;

4. That the Court award Western Veg its expenses and costs, including all of its attorneys' fees, as made mandatory by 7 U.S.C. § 499g(c); and,

5. That the Court grant Western Veg such other and further relief to which it is now or may hereafter be entitled.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED: May 17, 2021    By:    /s/ June Monroe
JUNE MONROE
RYNN & JANOWSKY, LLP
2603 Main Street, Suite 1250
Irvine, CA 92614
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
E-Mail: june@rjlaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically to all parties on the above-captioned matter at the electronic address as disclosed with the Court, or by sending the same via U.S. Postal Service.

               RYNN & JANOWSKY, LLP

DATED: May 17, 2021      /s/ June Monroe
                June Monroe, Attorneys for WESTERN VEG PRODUCE, INC.

**Notice has been electronically mailed to:**

Randall Martin Rumph   rmrlaw10@sbcglobal.net