1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

SUN VALLEY FARMS, LLC,

Case No.  1:20-cv-1665 AWI-CDB

12

Plaintiff,

ORDER SETTING SETTLEMENT
CONFERENCE AND PARAMETERS AND
SCHEDULING PRE-CONFERENCE
TELEPHONIC DISCUSSION

13

v.

14

WESTERN VEG PRODUCE, INC.,

15

Defendant.

16

**Settlement Statements due:   November 25, 2022**
**Pre-Settlement Conference:  November 29, 2022**
**Settlement Conference:        December 2, 2022**

17

18

19

Magistrate Judge Christopher D. Baker will hold a settlement conference on **December 2,**

20

**2022, at 10:00 a.m.**  Unless the parties request the conference to be in-person, the Court will

21

conduct the settlement conference via video conference.  The Zoom settlement conference

22

invitation will be distributed the week prior.[1]  The court has reserved the entire day for this

23

settlement conference and expects the parties will proceed with the settlement conference in good

24

faith and attempt to resolve all or part of the case.  If any party believes that the settlement

25

conference will not be productive, that party shall so inform the court as far in advance of the

26

27

28

_____

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Susan Hall, Courtroom Deputy for Magistrate Judge Baker, at SHall@caed.uscourts.gov.

1   settlement conference as possible.

2           Unless otherwise permitted in advance by the court, the following individuals must attend

3   the settlement conference in person: (1) all of the attorney(s) who will try the case; and (2)

4   individuals with full authority to negotiate and settle the case, on any terms.  *See* Local Rule 270(f).

5           **No later than November 25, 2022**, each party must submit to Magistrate Judge Baker's

6   chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement.  These

7   statements should neither be filed on the docket nor served on any other party.

8           In compliance with Local Rule 270(d)-(e), the settlement statements will be used

9   exclusively for the undersigned to prepare for and conduct the settlement conference.  They will

10  not become part of the case file and will be shred thereafter under Local Rule 270(e).  If applicable,

11  the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

12          The statements should not exceed ten (10) pages and should include:

13          (1) a brief recitation of the facts;

14          (2) a discussion of the strengths and weaknesses of the case, including the parties' relevant

15  position on the factual and legal issues and brief review of the evidence to support the parties'

16  factual position;

17          (3) an itemized estimate of the expected costs for further discovery, pretrial, and trial

18  matters, in specific dollar terms;

19          (4) your best estimate of the probability that plaintiff will prevail should this case proceed

20  to trial;

21          (5) your best estimate of the damages or relief plaintiff may recover should this case proceed

22  to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

23          (6) a history of settlement discussions (including a listing of any current settlement offers

24  from any party, in specific dollar terms), a candid statement of your party's current position on

25  settlement, including **the amount that you will give/accept to settle** (in specific dollar terms), and

26  a statement of your expectations for settlement discussions;

27          (7) a list of the individuals who will be attending the settlement on the party's behalf,

28  including names and, if appropriate, titles.

1    At the outset of the settlement conference, the undersigned may call upon the parties'
2  counsel to give a brief (five-minute) opening presentation outlining the factual and legal highlights
3  of their case before the parties break into separate caucuses. The undersigned reserves the right to
4  dispense with the opening presentations of counsel if the undersigned determines that such
5  presentations are not likely to be productive.

6    Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by
7  the parties relating to the substance or merits of the case, whether written or oral, made for the first
8  time during the settlement conference will be deemed to be confidential and shall not be admissible
9  in evidence for any reason in the trial of the case, should the case not settle.  This provision does
10  not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding
11  the settlement conference.

12    Judge Baker will hold a short, pre-settlement conference telephone discussion on
13  **November 29, 2022, at 10:30 a.m.** (dial-in number:  1-877-402-9757, Access Code: 6966236).
14  Only the lead attorney from each side[2] should participate.  At Judge Baker's discretion, the joint
15  telephonic discussion may be followed by private telephonic discussions between the judge and
16  each party.

17  IT IS SO ORDERED.

18    Dated:   **November 15, 2022**                                        _____
19                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.